IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ISMAEL NAMBO SOLARIO,

        Petitioner,

v.

MARK NOOTH, Superintendent,

        Respondent.

Civil No. 3:10-cv-01341-BR

OPINION AND ORDER

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 SW Main St.
Suite 1700
Portland, OR  97204

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
ANDREW D. HALLMAN
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court DENIES the Amended Petition for Writ of Habeas Corpus (#26).

## BACKGROUND

On February 15, 2007, a Yamhill County grand jury indicted Petitioner on charges of Rape in the First Degree, seven counts of Sexual Abuse in the First Degree, three counts of Unlawful Penetration in the Second Degree, and three counts of Attempted Sexual Abuse in the Third Degree. On July 31, 2010, Petitioner entered no-contest pleas to one count of Rape in the First Degree, two counts of Sexual Abuse in the First Degree, and one count of Unlawful Penetration with a Foreign Object in the Second Degree. Pursuant to the terms of a plea agreement, the trial court dismissed the remaining counts and sentenced Petitioner to 150 months of imprisonment, in accordance with the parties' stipulation.

Petitioner did not file a direct appeal. Petitioner did, however, seek state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. On appeal, the Oregon Court of Appeals granted the state's motion for summary affirmance, and the Oregon Supreme Court denied review. Resp. Exhs. 117, 119.

2 - OPINION AND ORDER -

On October 27, 2010, Petitioner filed his habeas corpus action in this Court. The Court appointed counsel to represent Petitioner, and on June 24, 2011, an Amended Petition for Writ of Habeas Corpus was filed on Petitioner's behalf. The Amended Petition alleges one claim for relief:

> [Petitioner] was denied his Sixth Amendment right to effective assistance of counsel based on trial counsel's failure to properly advise him of the ramifications of his *Alford* pleas, and his counsel's failure to ensure that the *Alford* pleas were knowingly, intelligently and voluntarily entered.

Respondent contends Petitioner procedurally defaulted the claim alleged in his Amended Petition, because although he alleged it in his state PCR petition, he did not raise it on appeal or in his petition for review to the Oregon Supreme Court.[1]

## LEGAL STANDARDS

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state

---

[1] Respondent argues in the alternative that Petitioner is not entitled to relief on the merits of his claim. Because this Court finds the claim procedurally defaulted, the Court does not address the merits of the claim.

3 - OPINION AND ORDER -

courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

To "fairly" present a federal claim, the prisoner must present both the operative facts and the legal theory on which the claim is based so as to adequately alert the state courts to the federal nature of the claim. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003); *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir.), *cert. denied*, 123 S. Ct. 2094 (2003), *overruled on other grnds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). This may be accomplished by explicit reference to a constitutional amendment or by citing state or federal case law discussing the federal constitutional right in question. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure

4 - OPINION AND ORDER -

to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## DISCUSSION

In his Formal Petition for Post-Conviction Relief filed in state court, Petitioner alleged he received constitutionally ineffective assistance of counsel because "trial counsel failed to inform petitioner of the consequences of his plea agreement" and because trial counsel "failed to inform petitioner there was no basis for the imposition of consecutive sentences." Resp. Exh. 105, p. 3. Petitioner alleged that if he "had been so informed, he would have pled not guilty and proceeded to trial." *Id.*

On appeal from the trial court's denial of the PCR petition, Petitioner's court-appointed counsel filed a *Balfour* brief on Petitioner's behalf.[2] Resp. Exh. 114. Counsel attached a copy of the Formal Petition for Post-Conviction Relief as an excerpt to

---

[2]Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

5 - OPINION AND ORDER -

the Record. *Id.* Petitioner attached a "Section B," in which he presented several claims relating to the alleged ineffective assistance received from his PCR trial and appellate counsel, and several claim of trial error related to underlying conviction. Petitioner also attached a letter to the appellate brief, in which he stated:

> 5) More negligence and lies from the attorney. My trial was set for July 31st 2007 at 4:00 PM. I was taken out at 8:00 AM on July 30th 2007 and the attorney coached me on what to say to the Judge. She asked me to say that I was guilty and she said it was going to get recorded that I didn't accept the charges. She never explained to me the consequences of me pleading guilty like that. Also, the interpreter that she brought to the court was an American woman, who speaks with a thick voice and is hard to hear what she says.

*Id.* at Exh. 09-05. In his Petition for Review to the Oregon Supreme Court, Petitioner simply incorporated by reference Section B of his appellate brief. Resp. Exh. 118.

The mere attachment of the Formal Petition as an excerpt of the record, without any other reference thereto, does not suffice to "fairly present" the claims alleged in the Formal Petition to the Oregon Court of Appeals. *See Weaver v. Nooth*, 2011 WL 1750271, *8 (D. Or., Mar. 23, 2011). As such, the Court must look to the statement contained in the letter attached to the appellate brief to determine whether Petitioner fairly presented his claim to the Oregon Court of Appeals.

6 - OPINION AND ORDER -

The Court finds he did not. Petitioner obviously understood and availed himself of the opportunity to present a formal Section B in his appellate brief, in which he included several claims of federal constitutional violations in connection with his underlying conviction and the state PCR proceeding. He did not, however, include any claim pertaining to the alleged failure of trial counsel to explain the consequences of his plea agreement. Moreover, the bare reference to the alleged failure to explain contained in the separate letter attached to brief does not in any respect allege a claim of federal constitutional violation.

Petitioner failed to allege the claim in his Section B and he failed to federalize the claim in the letter attachment. The claim alleged in the Amended Petition for Writ of Habeas Corpus was never fairly presented to the highest Oregon Court for consideration, and Oregon law precludes Petitioner from now doing so.[3] Accordingly, Petitioner procedurally defaulted the claim alleged in his Amended Petition for Writ of Habeas Corpus. Because he has not established cause and prejudice or a

---

[3] Or. Rev. Stat. § 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. Under Or. Rev. Stat. § 138.650, PCR appeals must be filed within 30 days after the entry of judgment. Petitions for review to the Oregon Supreme Court must be filed within 35 days from the date of the Court of Appeals' decision. Or. Rev. Stat. § 2.520. Finally, under Or. Rev. Stat. § 138.550(3), all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims no so asserted are deemed waived.

7 - OPINION AND ORDER -

fundamental miscarriage of justice to excuse the procedural default, the Amended Petition must be DENIED.

## CONCLUSION

For these reasons, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus (#26) and **DISMISSES** this action.

The Court **DENIES** a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 20th day of August, 2011.

_____
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER -